UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JACK VENTON VENABLE, JR. and WILLIAM
AGUIRRE, individually and on behalf of all
other similarly situated,

      Plaintiff,

v.

SCHLUMBERGER LIMITED (SCHLUMBERGER
N. V.) fka SMITH INTERNATIONAL, INC.

      Defendant

DOCKET NUMBER:

JURY TRIAL DEMANDED

COLLECTIVE ACTION PURSUANT
TO 29 U.S.C. § 216(b)

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Jack Venton Venable, Jr. ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Schlumberger Limited (Schlumberger N. V.) fka Smith International, Inc. ("Defendant").

2. William Aguirre ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Schlumber Limited (Schlumberger N.V.) fka Smith International, Inc. ("Defendant").

2. Plaintiffs and coworkers were employed by Defendant as Reamer Hands, performing technical and manual labor job duties for flowback and pressure control jobs for oil and gas service companies.

3. Defendant required Plaintiffs and other Reamer Hands to work at least 12 hours a day, for at least 7 days a week. As a result, Reamer Hands often worked weeks consisting of 84 hours or more.

4. Defendant paid all Reamer Hands a salary and job bonus, regardless of the number of hours worked. Further, Plaintiffs and coworkers never received overtime pay for work performed in excess of 40 hours in a week.

5. This collective action alleges that Defendant misclassified Plaintiffs and all Reamer Hands as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

## II.  JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.  THE PARTIES

8. Jack Venton Venable, Jr. worked for Defendant as a Reamer Hand from July 4, 2012 to September 23, 2015 and William Aguirre worked for Defendant as a Reamer Hand from May 12, 2012 to December 3, 2015. Defendant paid Plaintiffs on a salary and job bonus system without overtime for his work as a Reamer Hand. Plaintiffs consents to be a party plaintiffs have been filed with this Court as **Exhibit 1**.

9. The class of similarly situated employees ("Reamer Hands") consists of:

**ALL REAMER HANDS EMPLOYED BY SCHLUMBERGER LIMITED (SCHLUMBERGER N. V.) fka SMITH INTERNATIONAL, INC. IN THE PAST 3 YEARS WHO WERE PAID A SALARY AND JOB BONUS**

10. **Schlumberger Limited (Schlumberger N. V.) fka Smith International, Inc.** may be served with process through its registered agent: **Schlumberger Limited (Schlumberger N. V.) through its Agent for Service of Process, National Registered**

Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136 AND Smith International, Inc., through its Agent for Service of Process, National Registered Agents, Inc., 3867 Plaza Tower Drive, Baton Rouge, LA 70816

## IV. COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 201(r).

13. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and the Reamer Hands were engaged in commerce or in the production of goods for commerce.

## V. FACTS

15. Schlumberger Limited (Schlumberger N. V.) fka Smith International, Inc. provides total-solution services to major energy companies including: liftboats and marine services, slicklining and braided line services, e-line and cased hole services, wellhead and production valve services, reservoir evaluation services, plug and abandonment services,

and flowcontrol and rental services. Defendant maintains locations through Louisiana, Texas and Gulf of Mexico.

16. To provide these services, Defendant employs Reamer Hands on a salary and job bonus basis.

17. Defendant hires, trains and deploys these Reamer Hands in Louisiana, Texas and in the Gulf of Mexico.

18. This is not a job that requires advanced skill or intense study. Reamer Hands are not highly trained mechanics, technicians or engineers. These Reamer Hands perform mostly manual labor and technical job duties.

19. Defendant strictly regulates the job duties performed by all Reamer Hands to ensure certain performance standards are met.

20. Reamer Hands are not allowed to vary from the job duties performed for them.

21. Further, Defendant provides Reamer Hands with mandatory forms, reports, and other documents that must be completed for each project.

22. Reamer Hands have little to no discretion on how their jobs, or the jobs of others they work with, are performed.

23. Instead of paying Reamer Hands overtime, Defendant pays Reamer Hands a salary.

24. Defendant also pays Reamer Hands a job bonus, which is sometimes referred to as a day bonus or day rate.

25. Even though Reamer Hands perform very routine, technical and manual labor job duties, Defendant uniformly did not pay overtime to the Reamer Hands.

26. Reamer Hands were expected to work regularly 84 hours a week or more.

27. Such substantial overtime worked (at least 44 hours a week) results in significant back wages owed to these workers.

28. While each Reamer Hands' duties and compensation may vary slightly, their core job responsibilities remain the same. Any differences are not material and do not detract from the common nucleus of facts as described herein.

29. As the controlling law makes clear, Plaintiff and the other similarly situated Reamer Hands are non-exempt employees and entitled to overtime for all hours worked in excess of 40 in a single workweek.

## VI. FLSA VIOLATIONS

30. As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the Reamer Hands overtime for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

31. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Reamer Hands overtime compensation. Defendant's failure to pay overtime compensation and intentional misclassification of these employees were neither reasonable, nor was the decision not to pay overtime made in good faith.

32. Accordingly, Plaintiff and the Reamer Hands are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

33. As described above, Plaintiff and Reamer Hands were victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

34. Many Reamer Hands worked with Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

35. Thus, Defendant imposed a uniform practice or policy on Plaintiff and all Reamer Hands regardless of any individualized factors.

36. Plaintiff and all Reamer Hands received a salary and job bonus, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

37. As described above, these Reamer Hands are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

38. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Reamer Hands.

39. Plaintiff's experience is typical of the experiences of all Reamer Hands.

## VIII. JURY DEMAND

40. Plaintiff demands a trial by jury.

## IX. RELIEF SOUGHT

41. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

b. For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all Reamer Hands covered by this case;

c. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Reamer Hands covered by this case;

d. For a Judgment awarding Plaintiff and all Reamer Hands covered by this case their costs of this action;

e. For a Judgment awarding Plaintiff and all Reamer Hands covered by this case pre- and post-judgment interest at the highest rates allowed by law;

f. For all such other and further relief as may be necessary and appropriate.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, LLC

__/s/ Kenneth D. St. Pé_____
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 West University Avenue, Suite A
Lafayette, Louisiana  70506
(337) 534-4043